661 P.2d 763

**Charles R. IZATT, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 13691.**

Supreme Court of Idaho.

April 7, 1983.

598

Charles R. Izatt, pro se.

Jim Jones, Atty. Gen.; Lynn E. Thomas, Sol. Gen., Boise, for respondent.

BISTLINE, Justice.

Following a hearing before the Idaho Commission for Pardons and Paroles on April 24, 1979, the appellant Charles Izatt, by a unanimous decision, was denied parole and was passed for further parole consideration to the end of his sentence. The appellant thereafter filed a petition for writ of habeas corpus, alleging that the actions of the Commission denied him due process.

On September 6, 1979, the Honorable Robert M. MacConnell, Magistrate, dismissed the appellant's petition, holding that the court had no authority to review an action of the Commission in refusing to release an offender, "unless the board holds the defendant beyond the maximum term imposed by the court." The appellant appealed the magistrate's decision to the district court, which affirmed the decision of the magistrate on March 31, 1981. The district court held that the issue of whether the Commission's decision to pass the appellant for further parole consideration until the end of his sentence was grounds for granting relief was moot because, during the pendency of the appeal, the Commission had granted a new parole hearing and rescinded its previous decision. On appellant's claim that the Commission erred in failing to provide a statement of reasons for its denial of parole, the court held that no such requirement existed as a matter of due process, citing *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The court noted that under *Greenholtz* a state can create a legitimate expectation of parole which would be entitled to some measure of due process protection, but held that the Idaho parole statute, I.C. § 20–223 [1], created only a possibility of

1. I.C. § 20–223 has been replaced since the decision of the district court was rendered, the new statute being applicable only to those persons who were sentenced on or after July 1, 1980. 1980 Idaho Sess. Laws ch. 297, § 6, pp 770–71. For the sake of convenience, all references in this opinion to I.C. § 20–223 are to former I.C. § 20–223, which provided:

"Parole, rules and regulations governing— Offenses not parolable.—The state board of correction shall have the power to establish rules and regulations under which any prisoner, excepting any under sentence of death, may be allowed to go upon parole but to remain while on parole in the legal custody and under the control of the board and subject to be taken back into confinement at the direction of the board; provided, however, that no person serving a life sentence shall be eligible for release on parole until he has served at least ten (10) years. No person serving sentence for any of the following crimes: homicide in any degree, treason, rape where violence is an element of the crime, robbery of any kind, kidnapping, burglary when armed with a dangerous weapon, assault with intent to kill, or murder in the second degree, shall be released on parole before he has served at least one-third (⅓) of

his sentence. No person serving sentence for any of the following crimes: rape, incest, crime against nature, or committing a lewd act upon a child or with an attempt or assault with intent to commit any of the said crimes, or whose history and conduct indicate to the state board of correction that he is a sexually dangerous person, shall be released or paroled except upon the examination and recommendation of one or more psychiatrists licensed to practice medicine in the state of Idaho, to be selected by the state board of correction. Before ordering the parole of any prisoner, the board shall have the prisoner appear before it and shall interview him. A parole shall be ordered only for the best interests of society, not as a reward of clemency. It shall not be considered to be a reduction of sentence or pardon. A prisoner shall be placed on parole only when arrangements have been made for his proper employment or for his maintenance and care, and when the board believes that he is able and willing to fulfill the obligations of a law abiding citizen. The board may also by their rules and regulations fix the times and conditions under which any application denied shall be reconsidered.

parole. Thus, the court concluded that "no due process rights attach under the Idaho statute and that the Commission is not obligated as a matter of due process to give written reasons for the denial of parole." This appeal is from the decision of the district court.

## I.

■ The appellant argues that he was denied a fair parole hearing and that the Commission, by passing him to the end of his sentence, failed to follow its own rule which provides that "no inmate will receive a parole hearing less frequently than every thirty (30) months."[2] However, as was noted by the district court and conceded by the appellant, during the pendency of this matter the Commission reversed its previous decision to pass the appellant to the end of his sentence and granted the appellant a new parole hearing. Therefore, the appellant's claims regarding the initial parole hearing are moot. *See Downing v. Jacobs,* 99 Idaho 127, 578 P.2d 243 (1978); *Goff v. State,* 91 Idaho 36, 36, 415 P.2d 679, 679 (1966).

## II.

The appellant also argues that he was entitled to a statement of reasons for the

denial of his parole. The district court disposed of this contention, stating that "in light of the United States Supreme Court decision in *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 60 L.Ed.2d 688, 99 S.Ct. 2100 (1979), [a statement of reasons for the denial of parole] is not compelled as a matter of Due Process under the United States Constitution."

In *Greenholtz,* the Court held that if a state establishes a parole system which provides only a possibility of parole, that possibility is not protected by due process. The Court, however, found that the parole procedures of the State of Nebraska created a legitimate expectation of parole which was "entitled to some measure of constitutional protection." 99 S.Ct. at 2106. In concluding that the procedures provided by the Nebraska statutes afforded the process due in order to protect the legitimate expectancy of parole which had been created, the Court relied in part on the fact that a statement of reasons was provided to an inmate when parole was denied. 99 S.Ct. at 2108. However, in the later case of *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981), the Court made it clear that there is no general due process requirement of a statement of reasons for the denial of pa-

"The board shall not accept an application for parole and shall not interview any prisoner for parole who was committed for any of the following crimes; any crime of violence, to-wit: homicide in any degree, treason, rape where violence is an element of the crime, robbery of any kind, kidnaping, burglary when armed with a dangerous weapon, assault with intent to kill, or murder in the second degree, any crime of rape, incest, crime against nature, or committing a lewd act upon a child, or with an attempt or assault with intent to commit any of said crimes, or any prisoner serving a sentence as a habitual offender, until said prisoner has served either a period of five (5) years or one-third (⅓) of the original sentence, whichever is the least. The above limitation on parole elibility shall affect only those prisoners who are sentenced on and after the first day of July, 1971.

"No person or persons who have been committed for the crime of murder in the first or second degree in which the crime was committed in the commission or attempt to commit any sex offense upon the person of the victim of such crime, shall be released from custody

before the expiration of the full term of his or their sentence, by said board, by pardon, or parole.

2. *The Policies and Procedures of the Idaho Commission for Pardons and Parole* 5 (November, 1978). This rule has been deleted from the Commission's revised version of their rules. The general rule pertaining to the scheduling of parole hearings provides:

"2. Unless otherwise restricted by Idaho Code 20–223, the length of time between parole hearings shall be based upon factors including, but not limited to, the length of maximum sentence, seriousness of the instant offense, extensiveness of the criminal record, and relative degree of habilitative progress. Any inmate whose next parole hearing is scheduled more than thirty (30) months in the future shall receive a jacket review no less frequently than every thirty (30) months."

*Policies and Procedures* 4 (revised April 1, 1982).

role, stating: "It is clear that the requirement for articulating reasons for denial of parole in *Greenholtz* derived from unique mandates of the Nebraska statutes." 101 S.Ct. at 2465.

■ The Idaho statute governing parole is I.C. § 20–223. In contrast to the Nebraska statute at issue in *Greenholtz,* I.C. § 20–223 does not set forth detailed conditions and qualifications which once met entitle an inmate to an expectation of parole.[3] I.C. § 20–223 merely sets forth necessary conditions which must be established before parole can be granted, thereby creating only a possibility of parole. Consequently, the Commission is not obligated as a matter of due process to give written reasons for a denial of parole.

### III.

Finally the appellant argues that he was denied due process by the Commission's failure to grant him a timely parole hearing, citing *The Policies and Procedures of the Idaho Commission for Pardons and Paroles* 3 (November 1978) (hereinafter *Policies and Procedures*), which provides in part: "An inmate who falls within the restrictions imposed by Idaho Code § 20–223 will receive a primary interview within two (2) months prior to becoming eligible for parole."

The appellant is serving concurrent fifteen year sentences on two convictions of rape. The appellant recognizes that pursuant to I.C. § 20–223, the Commission was precluded from accepting an application for parole from the appellant or from interviewing the appellant for parole until he "ha[d] served either a period of five (5) years or on third (⅓) of the original sentence, whichever is the least." I.C. § 20–223, footnote 1, *supra.* However, the appellant argues that since his sentence began to run in October of 1973, he was entitled under the Commission's rule to a hearing no later than October of 1978.[4] Thus, he contends that he was denied due process because he was not granted a hearing before the Commission until April 24, 1979.

■ The appellant has misconstrued the above-quoted rule of the Commission pertaining to the primary interview to be provided to an inmate. If the Commission's rule is read in context, it is clear that a primary hearing is not a parole hearing. Unlike a parole hearing, a primary interview is not to be held before the five-member Commission, but before "a Commissioner or chosen delegate."[5] *Policies and Procedures* 3, 5. Thus, no decision to grant or deny parole can possibly be made at a primary interview because the Commission's *Policies and Procedures* require that such a decision "must be made by a majority of the five members of the Commission." *Policies and Procedures* 8. The stated purposes of the primary interview are:

"a. to establish the Commission's basic record;

"b. to introduce the inmate to the general orientation of the Commission;

"c. to plan with the inmate his program involvement as recommended by the

---

**3.** As noted by the Court in *Greenholtz,* the statute upon which the inmates relied provided in part:

" 'Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it shall order his release unless it is of the opinion that his release should be deferred because:

" '(a) There is a substantial risk that he will not conform to the conditions of parole;

" '(b) His release would depreciate the seriousness of his crime or promote disrespect for law;

" '(c) His release would have a substantially adverse effect on institutional discipline; or

" '(d) His continued correctional treatment, medical care, or vocational or other training

in the facility will substantially enhance his capacity to lead a law-abiding life when released at a later date.' Neb.Rev.Stat. § 83–1, 114(1) (1976)."

99 S.Ct. at 2106 (footnote omitted).

**4.** The appellant, apparently recognizing that a rule of the Commission could not supersede the statute, simply argues that under the rule he was entitled to a parole hearing in October of 1978, five years after his sentence began to run.

**5.** The *Policies and Procedures* have been amended and now provide that the primary hearing will be held before "a Commissioner or representative of the Commission." *Policies and Procedures* 2 (revised April 1, 1982).

ISCI [Idaho State Correctional Institution] habilitation staff;

"d. to establish the date for the first regular parole hearing by the Commission."

*Policies and Procedures* 3.

Finally, although I.C. § 20–223 precludes a parole hearing in cases such as the appellant's until he has served one-third of his sentence or five years, whichever is least, the Commission's rule calls for a primary interview to be held in such cases within two months prior to the inmate becoming eligible for parole.[6] If a primary hearing were a parole hearing, the Commission's rule would be in conflict with the statute governing parole. Thus, we believe that the rule cited by the appellant only establishes the time at which a primary hearing is to be held, and does not pertain to the time at which a parole hearing is to be held.[7]

Under the circumstances, the rule upon which the appellant has relied does not support his contention that he was denied a timely parole hearing. The appellant provides no other argument in support of this contention. We therefore hold that his petition does not state grounds for the issuance of a writ of habeas corpus. Accordingly, the decision of the district court affirming the magistrate's dismissal of the appellant's petition for writ of habeas corpus is

*Affirmed.*

DONALDSON, C.J., and SHEPARD, BAKES and HUNTLEY, JJ., concur.

---

**6.** The revised version of the Commission's rules provides:

"A. Every inmate will be interviewed by a Commissioner or representative of the Commission within six months after being received at the Idaho State Correctional Institution. An inmate retained at the Institution upon relinquishment of jurisdiction by the Court will be interviewed within 60 days following his/her retention. Exceptions: any inmate with a sentence of three years or less will be given a primary interview at 90 days."

*Policies and Procedures* 2.

**7.** There is nothing in the record which suggests that the appellant was not afforded a timely primary interview.