666 P.2d 1164

**STATE of Idaho, Plaintiff-Respondent,**
v.
**David La Mar NIELD,
Defendant-Appellant.**

**No. 14782.**

Court of Appeals of Idaho.

July 12, 1983.

Petition for Review Granted
Sept. 22, 1983.

**154**

Gaylen L. Box, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is an appeal from a sentence imposed for a sexual assault upon a ten-year-old girl. David LaMar Nield pled guilty to a felony charge of attempted rape. He was sentenced to the custody of the Board of Correction for an indeterminate period not exceeding ten years. He now contends that the district judge did not adequately state reasons for the sentence imposed and that the sentence was excessive. We affirm the sentence.

## I

The threshold question is whether any reasons need be given for a sentence imposed in a felony case. In *State v. Gonzales,* reported as *State v. Salinas,* 103 Idaho 54, 56, 644 P.2d 376, 378 (Ct.App.1982), we urged district judges "to identify on the record the particular reasons for their sentencing decisions." We cited with approval certain recommendations by the American Bar Association on sentencing and appellate review of sentences. In its Standards Relating to Appellate Review of Sentences § 2.3(c) (1968), the ABA states that "[t]he sentencing judge should be required in every case to state his reasons for selecting the particular sentence imposed." In its Standards Relating to Sentencing Alternatives and Procedures § 5.6 (1968), the ABA echoes this recommendation:

> [W]hen sentence is imposed the court ... normally should state for the record in the presence of the defendant the reasons for selecting the particular sentence to be imposed. In the exceptional cases where the court deems it in the best interests of the defendant not to state fully in his presence the reasons for the sentence, the court should prepare such a statement for inclusion in the record. . . .

Shortly after issuing our opinion in *Gonzales,* we decided *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In *Toohill,* we set forth our standards for appellate review of issues commonly arising in the criminal sentencing process. Among the standards articulated were those for determining whether a trial judge had abused his discretion by imposing an excessive sentence.

*Gonzales* and *Toohill* led to our decision in *State v. Tisdale,* 103 Idaho 836, 654 P.2d 1389 (Ct.App.1982). In *Tisdale,* we confronted the question of how to review a trial judge's exercise of sentencing discretion in a felony case where the judge had given no reason for the sentence imposed. We recalled that in *Gonzales* we had urged judges to give reasons for sentences. We further noted:

> The standards enunciated in *Toohill* depend, for their proper application, upon a reasoned statement by the sentencing judge of his view on the case. Our role as an appellate court is to see that sentencing discretion is soundly exercised in accord with applicable criteria. However, where—as in the present case—the court below gives no reason for a sentence, we cannot ascertain whether a term of confinement has been tailored to the purposes for which the court imposed the sentence. Neither can we determine whether the *Toohill* criteria have been duly considered in fixing the length of the sentence. Finally, where probation is an issue in the case, failure to state the reasons for a sentence leaves the appellate court to speculate whether the legislative criteria established in I.C. § 19-2521 have been followed.

103 Idaho at 837, 654 P.2d at 1390. Accordingly, we vacated the sentence imposed in

*Tisdale,* and remanded the case for resentencing. We directed the district judge on remand to "indicate of record his reasons for the sentence then imposed." 103 Idaho at 838, 654 P.2d at 1391.

Recently, our decision in *Tisdale* was mentioned by the Idaho Supreme Court in *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983). In that case, a fixed life sentence for first degree murder was affirmed. An earlier appeal in the same case, *State v. Osborn,* 102 Idaho 405, 631 P.2d 187 (1981), had resulted in reversal of a death sentence and remand of the case for resentencing. The basis of the Supreme Court's decision in *Osborn I* was that, although the record contained written findings of aggravating circumstances, there was no specific finding as to mitigating factors. On remand, the district judge found no such mitigating factors. However, instead of reimposing the death sentence, the judge elected to impose the fixed life sentence from which the second appeal was taken.

In the second appeal, Osborn's counsel cited our decision in *Tisdale,* and contended that the district judge had not adequately stated the reasons for a fixed life sentence. In a plurality opinion, the Supreme Court responded to this contention as follows:

> [*Tisdale*] requires district courts to set forth in writing the reasons for imposing a particular sentence. Although the trial court failed to make specific statements regarding its reasons for imposing the sentence, a review of the record adequately reflects his reasoning.
>
> We note that while the setting forth of reasons for the imposition of a particular sentence would be helpful, and is encouraged, it is not mandatory. To the extent that *Tisdale* is inconsistent with the views expressed herein, it is overruled. [104 Idaho at 810, 663 P.2d at 1112.]

*Osborn II* presents a problem of interpretation. Only two justices joined in the plurality opinion. Two other justices concurred in the result, and a fifth justice dissented. Our Supreme Court has indicated that plurality opinions, in which only two members of the Court join, are not controlling authority. For example, in *Seppi v. Betty,* 99 Idaho 186, 189, 579 P.2d 683, 686 (1978), the Supreme Court declined to follow a plurality opinion in the earlier case of *Ryals v. Broadbent,* 98 Idaho 392, 565 P.2d 982 (1977).

In our view, the result in *Osborn II* did not turn upon the plurality's passing discussion of *Tisdale.* It was not necessary to overrule or to limit *Tisdale* in order to affirm the fixed life sentence in *Osborn II.* The record in *Osborn II* contained specific, written findings which the district judge had considered sufficient to warrant the death penalty in *Osborn I.* It is obvious that the district judge applied the same reasoning to the fixed life sentence subsequently imposed. Thus, the record in *Osborn II,* which embraced *Osborn I,* contained a sufficient statement of reasons to satisfy our holding in *Tisdale.*

■ Moreover, the disapproving view of *Tisdale* expressed in *Osborn II* may have been colored by the impression that *Tisdale* requires a district court "to set forth in writing" the reasons for imposing a particular sentence. We did not so hold in *Tisdale.* To comply with *Tisdale,* a district judge need not compose a written statement of reasons when imposing a felony sentence. His reasons need only be stated "of record." An oral statement on the record will suffice. Indeed, as noted in the ABA standards quoted above, such an oral statement on the record, in the presence of the defendant, is the normal method of communicating the reasons for a particular sentence. We recognize that our reference to "the record" in *Tisdale* might have been interpreted in some quarters to mean the clerk's record, giving rise to an inference that reasons for a felony sentence must be stated in writing. However, our focus in *Tisdale* was upon appellate review of a sentence. Our reference to "the record" necessarily embraced the entire record that would be presented on appeal. This would include the reporter's transcript of any proceeding in which reasons for a sentence were stated orally.

We conclude that the Supreme Court's plurality opinion in *Osborn II* has not nullified *Tisdale*. Of course, we recognize that ultimate authority on this subject is vested in the Supreme Court. It is within the province of that Court, acting through a majority opinion, to overrule *Tisdale*. However, unless and until such an event occurs, we will adhere to our belief that *Tisdale* represents a sound approach to appellate review of sentencing discretion. We will continue to require that felony sentences be supported by a statement of reasons in "the record."

## II

We now examine the application of *Tisdale* to the instant case. This appeal was pending when *Tisdale* was decided. Nield's statement of issues specifically raises the question of whether the district court adequately set forth reasons for the sentence imposed. Accordingly, this case falls within the ambit of prospective application outlined in *Tisdale*. 102 Idaho at 838, 654 P.2d at 1391.

■ The clerk's record contains no separate, written statement of the district judge's reasons for the sentence imposed. However, we have been furnished the reporter's transcript of the sentencing hearing. Nield presented testimony in mitigation and urged the court to retain jurisdiction in the case for 120 days under I.C. § 19–2601(4). At the conclusion of the hearing, the judge expressed orally, in the presence of the defendant, his view concerning an appropriate sentence. He noted that the sexual assault of a ten-year-old girl was a serious crime. He found that the defendant had exhibited antisocial behavior "throughout his entire life," and had shown a disregard for the law by illegally *using* and selling alcohol or drugs. He determined that a substantial period of imprisonment was necessary for the purpose of deterrence and to protect the public. He found that any rehabilitation would require a "structured environment." These oral statements, made on the record, were sufficient to satisfy the *Tisdale* requirement.

## III

■ We turn to the question of whether the ten-year indeterminate sentence was excessive. Our Supreme Court has held that if a sentence is within the statutory maximum, it will not be disturbed on appeal unless the appellant affirmatively shows a "clear abuse of discretion." *E.g., State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). In the present case, an indeterminate term not exceeding ten years is well within the maximum punishment authorized for attempted rape. I.C. §§ 18–306, 18–6104, 20–223. *Cf. King v. State,* 93 Idaho 87, 92–93, 456 P.2d 254, 259–60 (1969) (interpreting I.C. § 20–223).

■ A sentence within statutory limits represents a "clear abuse of discretion" only if it is shown to be unreasonable upon the facts. *E.g., State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). In *State v. Toohill, supra,* we held that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. We further noted in *Toohill:*

> Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria. [103 Idaho at 568, 650 P.2d at 710.]

When applying these criteria to an indeterminate sentence, we confront a dilemma. By definition, an indeterminate sentence does not specify the term of confinement. The actual period of confinement is later determined by administrative authority. Thus, appellate review of an indeterminate sentence is necessarily imprecise. It could

be made artificially more precise by presuming that a term of confinement will correspond to the outside limit of an indeterminate sentence. However, such a presumption would seldom conform to reality. In the alternative, it might be conceptually attractive to hold that any indeterminate sentence, within the applicable statutory maximum, is merely a prelude to administrative action and therefore cannot represent an abuse of judicial discretion. However, such a holding would conflict with decades of Idaho Supreme Court decisions applying the abuse of discretion standard to indeterminate sentences.

■ Faced with the historical practice of reviewing indeterminate sentences on appeal, we undertook in .Toohill to bring the subject into clearer focus. We held that, unless there is a contrary statute or other indication in the record, we will deem one-third of an indeterminate sentence to be an appropriate measure of the term of confinement. This is a general approximation, intended solely to facilitate judicial review. It does not represent a prediction of the actual length of confinement in a particular case. Neither does it connote any expectation that parole necessarily will be granted when one-third of an indeterminate sentence has been served. Parole may be granted earlier, later, or not at all. Under Idaho law, parole is merely a possibility, not an expectancy. *Izatt v. State,* 104 Idaho 597, 661 P.2d 763 (1983). As we noted in *Toohill,* "whether the inmate is paroled or remains confined will depend, in part, upon factors presented to the Commission [for Pardons and Parole] which are outside the record on appeal from the sentence." 103 Idaho at 569, 650 P.2d at 711.

■ In the present case, one-third of the ten-year sentence corresponds to the mandatory minimum period of confinement prescribed by I.C. § 20–223. There is no recommendation by the district judge concerning parole, nor any other indication in the record, contrary to treating one-third of the sentence as the appropriate measure of confinement. Accordingly, for the purpose of appellate review, we will deem the period of confinement to be three and one-third years. Applying the *Toohill* criteria, the question is whether, under any reasonable view of the facts, a term of three and one-third years would exceed the period of confinement which appears necessary in this case to protect society, and to accomplish deterrence, rehabilitation or retribution.

We agree with the trial judge that the crime committed by Nield was a serious one. A sexual assault upon a child represents not only a traumatic event for the victim but also shows the defendant's disregard, or failure to understand, the elemental constraints upon individual behavior which are necessary to live in an orderly society. Nield's difficulty in adapting to such constraints is also documented by the presentence investigation report. The investigation disclosed that Nield, who was twenty-two years old when sentenced, had prior convictions for a burglary and two petit larcenies. He also had a history of unlawful use and distribution of drugs and alcohol.

The judge's assessment of Nield's antisocial behavior finds support in evaluations submitted by a social worker and by a drug and alcohol counselor. Both evaluators deemed it probable that Nield would continue to violate the law. The presentence investigator recommended incarceration at the Idaho State Correctional Institution.

Upon these facts, we hold that confinement for a period of three and one-third years may be reasonably viewed as necessary to protect society from continuation of Nield's pattern of conduct, and to serve the related goal of deterrence. We further note that because this case involves a sex offense, Nield will not be released on parole until he has been evaluated by one or more psychiatrists or psychologists, as provided by I.C. § 20–223. To the extent that such evaluation in a structured and custodial setting leads to therapy, the sentence may also be said to serve the goal of rehabilitation.

We conclude that the ten-year indeterminate sentence did not represent an abuse of discretion. We further conclude that the

**158**

district judge did not abuse his discretion by refusing to retain jurisdiction under I.C. § 19–2601(4). The sentence imposed by the district court is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.