759 P.2d 909

**Mark D. VITTONE, Petitioner–Appellant,**

**v.**

**STATE of Idaho; A.I. Murphy, Director of the Idaho Department of Corrections, Individually and in His Official Capacity; Ms. Olivia Craven, Executive Secretary of the Idaho Pardons and Parole Commission in Her Official Capacity; All Members of the Idaho Pardons and Parole Commission, Individually and in Their Official Capacity, Defendants–Respondents.**

**No. 16918.**

Court of Appeals of Idaho.

April 15, 1988.

Mark D. Vittone, pro se.

Jim Jones, Atty. Gen., Timothy D. Wilson, Deputy Atty. Gen., for defendants-respondents.

SWANSTROM, Judge.

Mark Vittone was denied parole by the Idaho Pardons and Parole Commission after a hearing in October 1986. Vittone then filed a petition for habeas corpus alleging the commission's actions were arbitrary and capricious, denying him due process. The district court denied the petition.

Vittone appeals, again raising the issues he argued before the district court. Other issues raised are whether I.C. § 20–223 creates a protected liberty interest, and whether a denial of parole should require a written statement of reasons.[1] For reasons explained below, we affirm the district court's order.

The district judge held that Idaho's statutory parole scheme allows for parole only in the discretion of the Commission for Pardons and Parole. *Izatt v. State,* 104 Idaho 597, 661 P.2d 763 (1983). The judge held that under I.C. § 20–223 parole is not a legitimate expectation but is a mere possibility which is not protected by due process rights. In so ruling the judge relied upon the decisions of *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981); and *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

The district court's resolution of Vittone's first issue was correct. "The requirements for due process at parole hearings are governed by the unique structure and language of each state's pertinent statute." *Balla v. Idaho State Board of Corrections,* 595 F.Supp. 1558 (D.Idaho 1984) (citing *Greenholtz* and *Dumschat*). The requirements of I.C. § 20–223 have been previously discussed by the Idaho Supreme Court in *Izatt v. State, supra,* and by this Court in *State v. Nield,* 105 Idaho 153, 666 P.2d 1164 (Ct.App.1983). These cases and *Balla* have held consistently that parole under I.C. § 20–223 is only a mere possibility. The possibility of parole is not protected by due process. The constitutional protection afforded this limited expectation of parole is found in the procedures enacted to grant parole.

The question then is whether Vittone was afforded the protections due him under the terms of I.C. § 20–223. Vit-

---

1. Subpart (a) of I.C. § 20–223 gives the Commission of Pardons and Parole authority to establish rules, regulations, policies or procedures under which eligible prisoners may be paroled from confinement and returned to confinement "at the discretion of the commission." Subpart (b) mandates that the commission obtain and consider psychological or psychiatric examinations and evaluations of prisoners convicted of specified crimes before their release on parole and gives the commission the discretion to impose this requirement in other cases as well. The following parts (c) and (d) are pertinent to this appeal.

    (c) Before considering the parole of any prisoner, the commission shall afford the prisoner the opportunity to be interviewed. A parole shall be ordered only for the best interests of society when the commission reasonably believes that the prisoner no longer poses a threat to the safety of society, not as a reward of clemency and it shall not be considered to be a reduction of sentence or a pardon. A prisoner shall be placed on parole only when arrangements have been made for his employment or maintenance and care, and when the commission believes the prisoner is able and willing to fulfill the obligations of a law-abiding citizen. The commission may also by its rules, regulations, policies, or procedures fix the times and conditions under which any application denied may be reconsidered.

    (d) In making any parole or commutation decision with respect to a prisoner, the commission shall consider the compliance of the prisoner with any order of restitution which may have been entered according to section 19–5304, Idaho Code. The commission may make compliance with such an order of restitution a condition of parole.

tone's argument that the commission's decision was arbitrary and capricious is based upon what he describes as a failure on the part of the commission to consider all of the available information in the making of its decision. The parole commission, however, has broad discretion in its decision-making powers. *Ybarra v. Dermitt*, 104 Idaho 150, 657 P.2d 14 (1983). In *Greenholtz*, the Supreme Court said:

> The parole-release decision ... depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release. Unlike the revocation decision, there is no set of facts which, if shown, mandate a decision favorable to the individual. The parole determination, like a prisoner-transfer decision, may be made "for a variety of reasons and often involve[s] no more than informed predictions as to what would best serve [correctional purposes] or the safety and welfare of the inmate." *Meachum v. Fano, supra* [427 U.S. 215], at 225, 49 L.Ed.2d 451, 96 S.Ct. 2532 [at 2538 (1976)].
>
> The decision turns on a "discretionary assessment of multiplicity of imponderables, entailing primarily what a man is and what he may become rather than simply what he has done." Kadish, The Advocate and the Expert—Counsel in the Peno–Correctional Process, 45 Minn.L. Rev. 803, 813 (1961).

442 U.S. at 9–10, 99 S.Ct. at 2104–05.

Idaho Code § 20–223 does not place any substantive limitations upon the commission's discretion in the consideration of its decision. Our review of a parole commission decision is also limited.

> [T]he Parole Board has broad discretion and in reviewing a Parole Board's decision a court may not substitute its judgment for that of the Board. *See* I.C. § 20–223. Therefore, the scope of review is limited to determining whether the information relied on by the Parole Board was sufficient to provide a factual basis for the reasons given. The inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons. [Citations and quotation marks omitted.]

*Ybarra v. Dermitt*, 104 Idaho at 151, 657 P.2d at 15. It follows from *Ybarra* that we may not substitute our judgment for that of the parole commission. Our review is limited to whether there is a rational basis in the record for the commission's decision. Here, the record shows the commission orally stated reasons to Vittone at the hearing. They were based on Vittone's drug-related crimes and the commission's desire to have Vittone serve more time. This satisfied the rational basis requirement.

■ Vittone also argues that I.C. § 20–223 contains language which creates a protected liberty interest. This argument is based upon what Vittone describes as mandatory "shall" language found in I.C. § 20–223(c) and (d) quoted earlier. We cannot accept Vittone's interpretation. Idaho's parole scheme does not establish a protected interest or right to be released. A prisoner has no independent constitutional right to conditional release before the expiration of a valid sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, supra.* The "shall" language used in I.C. § 20–223 does not set forth detailed conditions and qualifications which, once being met, entitle a prisoner to expect parole. The language merely sets forth conditions which must be satisfied before an applicant becomes eligible for parole. *Balla v. Idaho State Board of Corrections, supra; Izatt v. State, supra.*

■ Vittone has also argued that a protected interest in parole comes into existence after successful completion of one-third of his indeterminate sentence. This is based upon his misinterpretation of language found in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In *Toohill*, for the purpose of appellate review of

an indeterminate sentence, we deemed one-third of the sentence to be an appropriate measure of the term of confinement. What we treat as a threshold for parole, however, is not to be taken as an open door. As we stated in *State v. Nield:*

> [U]nless there is a contrary statute or other indication in the record, we will deem one-third of an indeterminate sentence to be an appropriate measure of the term of confinement. This is a general approximation, intended solely to facilitate judicial review. It does not represent a prediction of the actual length of confinement in a particular case. Neither does it connote any expectation that parole necessarily will be granted when one-third of an indeterminate sentence has been served. Parole may be granted earlier, later, or not at all.

105 Idaho at 157, 666 P.2d at 1168.

■ Vittone's final argument is that he was entitled to a written statement of reasons for denial of his parole. However, the Idaho Supreme Court has decided otherwise. In *Izatt v. State,* quoting from *Dumschat,* the Court said:

> "[T]here is no general due process requirement of a statement of reasons for the denial of parole,.... It is clear that the requirement for articulating reasons for denial of parole in *Greenholtz* derived from unique mandates of the Nebraska statutes." 101 S.Ct. at 2465.

The Idaho statute governing parole is I.C. § 20–223. In contrast to the Nebraska statute at issue in *Greenholtz,* I.C. § 20–223 does not set forth detailed conditions and qualifications which once met entitle an inmate to an expectation of parole. I.C. § 20–223 merely sets forth necessary conditions which must be established before parole can be granted, thereby creating only a possibility of parole. Consequently, the Commission is not obligated as a matter of due process to give written reasons for a denial of parole. [Footnote omitted.]

104 Idaho at 599–600, 661 P.2d at 766–67.

We conclude that Vittone's petition does not state grounds for the issuance of a writ of habeas corpus. The district court order denying Vittone's petition is affirmed.

BURNETT, J., and SMITH, J. Pro Tem., concur.