999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert D. FREEMAN, Petitioner-Appellant,
v.
STATE OF IDAHO COMMISSION OF PARDONS & PAROLES, Respondent-Appellee.
 No. 92-36548.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1993.*
Decided July 27, 1993.
As Corrected on Denial of Rehearing
Nov. 22, 1993.
 
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Freeman, an Idaho prisoner, appeals from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. Freeman raises procedural due process and ex post facto objections to the state's refusal to grant him parole. We review de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and we affirm.
 
 BACKGROUND
 
 3
 Freeman pleaded guilty in 1982 to two counts of lewd and lascivious conduct with a minor, in violation of Idaho Code Section 18-6607. He received consecutive sentences of 20 and 10 years on those counts, subject to that state's indeterminate sentencing scheme. See Idaho Code § 20-223 (1987). The state court of appeals affirmed Freeman's convictions and sentences on direct appeal. State v. Freeman, 714 P.2d 86 (Idaho Ct.App.1986). The Idaho Supreme Court denied review.
 
 
 4
 After pursuing an unsuccessful application for post-conviction relief, see Freeman v. State, 757 P.2d 1240 (Idaho Ct.App.1988), Freeman brought a habeas petition in state court. The state court of appeals, after remanding to correct a technical defect in the petition, see Freeman v. State Dep't of Corrections, 783 P.2d 324 (Idaho Ct.App.1989), affirmed the denial of habeas relief. Freeman v. State Comm'n of Pardons and Paroles, 809 P.2d 1171 (Idaho Ct.App.1991). The Idaho Supreme Court denied review.
 
 
 5
 Freeman argued in his state habeas petition that he had been denied meaningful parole consideration. He further alleged the existence of specific procedural due process violations, and the ex post facto application to him of an amended parole regulation. The Idaho Commission of Pardons and Paroles twice had denied him parole, in 1987 and in 1989. He raises essentially the same arguments in his second federal habeas petition.[1]
 
 
 6
 A federal magistrate recommended after a hearing that the second federal petition be denied. The district court adopted the recommendation, and Freeman appealed. We have jurisdiction under 28 U.S.C. §§ 2253 and 2254.
 
 DISCUSSION
 Due Process
 
 7
 Freeman contends that the Commission denied him his federal due process rights by not providing him a more meaningful parole hearing.[2] We affirm the district court's findings that the Idaho parole statute does not create a federally protected liberty interest. Therefore no constitutional due process guarantees attach to Idaho parole hearings.
 
 
 8
 A statute that merely creates the possibility of parole does not create a constitutionally protected liberty interest. Compare Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458 (1981) with Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979). The Idaho parole statute does not set forth criteria, which once met, entitle an inmate to parole. See Idaho Code § 20-233 (Supp. 1993); cf. Neb. Rev. Stat. § 83-1, 114(1) (1976) (reproduced in Greenholtz, 442 U.S. at 11, and specifying that the Nebraska Board of Parole shall release an eligible inmate unless any of several listed circumstances exist(. Accordingly, Freeman's claim that the federal constitution entitled him to a more meaningful parole hearing must fail.
 
 Ex Post Facto Objection
 
 9
 When Freeman committed his crimes, Commission regulations provided that each prisoner receive a live parole hearing at least once every 30 months. The Commission amended its regulation in April, 1982, to guarantee only a file review at 30 month intervals. Izatt, 661 P.2d at 765 & n. 2. The amended regulation apparently applied to all Idaho prisoners.[4]
 
 
 10
 Freeman maintains that the amended regulation is ex post facto as applied to him.[5] The district court rejected the argument on the ground that the Commission's regulations are not "laws" within the language of the federal constitution's Ex Post Facto Clause. We agree.
 
 
 11
 We have never held that a state's parole regulations are insulated from ex post facto attack. On the contrary, we accepted long ago the idea that an administrative regulation can be a "law" within the meaning of the Ex Post Facto Clause. See, e.g., Love v. Fitzharris, 460 F.2d 382, 385 (9th Cir.) ("[a] new administrative interpretation which subjects the prisoner already sentenced to more severe punishment has the same effect as a new statute lengthening his present term"), vacated as moot, 409 U.S. 1100 (1972). Not every administrative pronouncement is a law. See, e.g., Wallace v. Christensen, 802 F.2d 1539, 1553-54 (9th Cir.1986) (en banc) (guidelines promulgated by the United States Parole Commission are not laws for ex post facto purposes). In recent years we have identified "the operative factor in assessing whether a directive constitutes a 'law' for ex post facto purposes [as] the discretion that [a parole commission] retains to modify that directive or to ignore it altogether as the circumstances may require." Smith v. United States Parole Comm'n, 875 F.2d 1361, 1367 (9th Cir.1989) (involving federal parole commission regulations).
 
 
 12
 Applying the operative factor here, we conclude that the Commission's amended regulation is not a law within the meaning of the Ex Post Facto Clause. The amended regulation allows the Commission, at its discretion, to determine the length between Freeman's live parole hearings on the basis of a nonexclusive list of considerations. Furthermore, the Commission has authority to amend the regulation again as it wishes, for Idaho Code Section 20-223 places no apparent restraint upon the Commission's discretion to extend or to restrict opportunities for a live parole hearing.[6] Ex post facto concerns are absent when, as here, "a regulation serves not as a binding constraint on the administrative decisionmaking process, but merely as a guide to the proper exercise of discretion." Id. at 1367.
 
 CONCLUSION
 
 13
 Freeman had no due process right to a more meaningful parole hearing under the Idaho parole statute. The amended parole regulation, which guides the Commission in determining when Freeman will receive his next live parole hearing, is not a law ex post facto as applied to him.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We affirmed the denial of Freeman's first § 2254 petition. Freeman v. Idaho, No. 90-35511 (9th Cir. Dec. 17, 1991) (unpublished disposition). Freeman received notice that he had been denied parole a second time two months before he filed the first federal petition. State officials, in responding to the second petition, made no objection to Freeman's failure to raise the parole issues in the first petition. Any such objection is now waived. See Harris v. Vasquez, 949 F.2d 1497, 1511 (9th Cir.1991) (state has initial burden of pleading abuse of the writ), cert. denied, 112 S.Ct. 1275 (1992)
 
 
 [2]
 Specifically, Freeman claims: (1) he was entitled to view his presentence report prior to the hearing; (2) an unqualified evaluator performed his psychological evaluation; (3) he was entitled to present favorable work reports to the Commission; and (4) he was entitled to be given reasons for the denial of parole
 
 
 [3]
 No conflict exists between Bermudez and the Idaho Supreme Court's opinion in Izatt v. State, 661 P.2d 763 (Idaho 1983), which held that "the Commission is not obligated as a matter of due process to give written reasons for a denial of parole." Izatt, 661 P.2d at 766. That holding rests upon the state supreme court's determination that Idaho Code 20-223 creates no liberty interest in parole. Id. at 765-66. We assume the opposite, and therefore ask what due process requires in a parole hearing
 
 
 [4]
 In 1987, the Commission adopted an entirely new set of regulations. The most recent version of those regulations establish criteria for setting an initial parole hearing date, but say nothing about subsequent hearings. See The Policies & Procedures of the Idaho Commission of Pardons & Parole, Rule 3 (Apr. 1990). Neither Freeman nor the state have addressed the impact of the newer regulations. We, therefore, consider only the 1982 regulations
 
 
 [5]
 The State does not dispute that the amended regulation was applied retrospectively and operates to Freeman's disadvantage. Perveler v. Estelle, 974 F.2d 1132, 1135 (citation omitted). Freeman need not possess a liberty interest in parole to raise an ex post facto argument. Weaver v. Graham, 450 U.S. 24, 30 (1981) ("[t]he presence or absence of an affirmative, enforceable right is not relevant ... to the ex post facto prohibition")
 
 
 [6]
 We do not face a situation in which a parole regulation forecloses any opportunity for a hearing before the Commission. See id. at 1368 (discussing Rodriguez v. United States Parole Comm'n, 594 F.2d 170 (7th Cir.1979))