72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Timothy William McGUIRE, Petitioner-Appellant,
v.
Richard A. VERNON, Director, Respondent-Appellee.
 No. 95-35308.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Dec. 8, 1995.
 
 Before: WRIGHT, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy McGuire appeals the district court's dismissal of his petition for a writ of habeas corpus. He asserts that the manner in which his parole proceedings were handled violated his due process right to liberty. We affirm.
 
 
 3
 There is no absolute right to either federal or state parole. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). The possibility of parole, which is nothing more than a mere hope of early conditional release, is not a protected liberty interest. Id. at 11, 99 S.Ct. at 2105. The Idaho courts have held that Idaho Code Sec. 20-223(c) does not create a constitutionally protected liberty interest in receiving parole. Izatt v. State, 661 P.2d 763, 766 (Idaho 1983); Vittone v. State, 759 P.2d 909, 911 (Idaho Ct.App.1988). That, as McGuire admits, was a correct reading of Idaho's discretionary parole statute.
 
 
 4
 Moreover, the Commission did not create a liberty interest when it initially notified McGuire of the tentative parole date, a notification that it withdrew the next day. As the Idaho Court of Appeals has pointed out in a somewhat similar context: "The Commission's conduct in advising [him] of a tentative release date created only a hope, not a constitutionally protected expectancy, that he would be released at that time." Brandt v. State, 878 P.2d 800, 804 (Idaho Ct.App.), cert. denied, --- U.S. ----, 115 S.Ct. 523, 130 L.Ed.2d 427 (1994). We recognize that Brandt involved a mistake of the Commission because Brandt was not eligible for parole at the time, but the opinion of the court did not rest heavily on that factor, and its language was much broader. Moreover, this case also involves a mistake. Upon reflection a Commissioner decided that the setting of the date was in error and took immediate steps to have the determination reconsidered. It is obvious that the Commission did decide to reconsider the setting of the date. The language of Brandt indicates that the courts of Idaho would find that it was well within the Commission's discretion to so disappoint McGuire's "hope ... that he would be released." Id. Indeed, they have refused to grant McGuire relief on his claims to the contrary.
 
 
 5
 We cannot say that the handling of this matter by the Commission appears to be the epitome of good procedure. Neither can we say that a liberty interest sprang into being and made it impermissible to reconsider an improvident decision. The Commission, the Attorney General of Idaho, and the Idaho courts have determined that the tentative parole date could be reconsidered and retracted, even though McGuire had it within his grasp for a day.
 
 
 6
 We are not privy to and have not reflected upon the facts that led to McGuire's murder conviction, nor have we considered the details of his progress in prison. However, in the more than twelve years that have passed since that fleeting 1983 decision, McGuire has had a number of new parole hearings and the state of Idaho has remained unwilling to release him from prison. We cannot say that its failure to do so has violated a liberty interest simply because the Commission reconsidered, held a further hearing, and changed its collective mind.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3