THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38434**

| | | |
|---|---|---|
| **ALFREDO HOLGUIN ROMAN,** | ) | **2011 Unpublished Opinion No. 722** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 22, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **IDAHO COMMISSION OF PARDONS** | ) | |
| **AND PAROLE, OLIVIA CRAVEN,** | ) | |
| **Executive Director; MARK FUNAIOLE,** | ) | |
| **Commissioner; BILL YOUNG,** | ) | |
| **Commissioner; NORMAN LANGERAK,** | ) | |
| **Commissioner,** | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Summary judgment dismissing petition for writ of habeas corpus, <u>affirmed</u>.

Alfredo Roman, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondents.

_____

LANSING, Judge

Alfredo Holguin Roman appeals from the district court's order dismissing on summary judgment his petition for a writ of habeas corpus brought against the Commission of Pardons and Parole (the Commission), its executive director, and its individual members (hereinafter collectively referred to as the Respondents). We affirm.

**I.**

**BACKGROUND**

Roman was found guilty by a jury of a single count of lewd and lascivious conduct with a child under sixteen years of age, Idaho Code § 18-1508, and was sentenced to a unified life term

1

with a twenty-year minimum term of confinement.  *Roman v. State*, 125 Idaho 644, 646, 873 P.2d 898, 900 (Ct. App. 1994).  At his first parole hearing, the Commission denied parole.

Roman filed a pro se habeas corpus petition, challenging the Commission's decision.  The Respondents moved for summary judgment.  The district court granted the motion and entered an order dismissing the petition.  Roman moved to alter or amend the judgment, which the district court denied.  Roman appeals.

## II.

## ANALYSIS

There is no constitutionally-protected right of a convicted person to be released on parole before the expiration of a valid sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  If a state establishes a parole system that provides only a possibility of parole, and not a right thereto, that possibility does not create a liberty interest that is protected by the Due Process Clause of the United States Constitution.  *Id.* at 11.  The language of a state parole statute may create a legitimate claim of entitlement, triggering due process protections, but no such claim of entitlement is created by language conferring a mere possibility of conditional liberty.  *See id.* at 7, 11-13.  It is well settled that the language of Idaho Code § 20-223, which authorizes the Commission to grant parole in its discretion, does not generate a legitimate expectation of parole, but merely the possibility of it.  *See, e.g.*, *Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983); *Hays v. Craven*, 131 Idaho 761, 764, 963 P.2d 1198, 1201 (Ct. App. 1998); *Vittone v. State*, 114 Idaho 618, 619, 759 P.2d 909, 910 (Ct. App. 1988).  Therefore, because there is no liberty interest at stake, there is no constitutional right to procedural due process in Idaho's parole hearings.  *Izatt*, 104 Idaho at 600, 661 P.2d at 766.  Idaho Code § 20-223(c) states that "parole shall be ordered when, *in the discretion of the commission*, it is in the best interests of society, and the commission believes the prisoner is able and willing to fulfill the obligations of a law-abiding citizen."  (Emphasis added.)  Although the subsection directs that parole be granted when it is in the best interests of society and the prisoner is willing to fulfill the obligations of a law-abiding citizen, that determination is a *discretionary* decision of the Commission that does not vest in the prisoner a legitimate expectation of parole, but rather a mere possibility of parole.  *Vittone*, 114 Idaho at 620, 759 P.2d at 911.  Although parole hearings are not subject to due process standards, and the decision whether to grant parole is discretionary with the Commission, the Idaho Supreme Court has held

that a decision denying parole is nonetheless subject to limited judicial review. *Banks v. State*, 128 Idaho 886, 888-89, 920 P.2d 905, 907-08 (1996); *Ybarra v. Dermitt*, 104 Idaho 150, 151, 657 P.2d 14, 15 (1983). "Review of Commission decisions consists of whether the information relied upon by the Commission was sufficient to provide a factual basis for the reasons given, or in other words, whether there was a rational basis in the record for the Commission's conclusions . . . ." *Banks*, 128 Idaho at 888, 920 P.2d at 907. *See also Ybarra*, 104 Idaho at 151, 657 P.2d at 15.

Roman, generally, acknowledges the correctness of these standards, but still asserts that the Commission wrongfully denied his request for parole. His arguments are not entirely clear, but he seems to contend that because he claims to have been imprisoned on a "false conviction and false evidence," he necessarily is not a danger to society, and therefore there is no rational basis to deny parole. Roman's argument is without merit. It was for the jury at his trial, not the Commission, to weigh the credibility of witnesses and determine his guilt or innocence. It is not within the authority of the Commission to determine the validity of a conviction, nor is the Commission obligated to accept a defendant's view of the evidence presented at his trial.

Roman may also be arguing that his privilege against self-incrimination was violated because the Commission's hearing officer asked him to describe two separate incidents of alleged misconduct with different victims for which he was never charged. The Fifth Amendment privilege against self-incrimination "not only permits a person to refuse to testify against himself at a criminal trial in which he is the defendant, but also 'privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). Roman's allegations do not show a violation of this right. While his verified habeas corpus petition alleges that he was questioned about alleged uncharged misconduct, and that he denied the accusations, there is no evidence that he attempted to invoke his Fifth Amendment privilege or that any threat or other compulsion was used to force him to respond. Therefore, Roman has made no prima facie showing of a violation of his right against self-incrimination.

Roman also argues that the Commission erred by considering a disciplinary offense report because "the integrity of that finding should be allowed to be challenged." The minutes of the parole hearing show that Roman was permitted to address the report and that he denied its

3

accuracy. Therefore, the Commission did allow him to challenge "the integrity of that finding." Again, however, the Commission was not obligated to believe him.

Finally, Roman seems to contend that because he had a twenty-year history of generally good behavior in prison, he was entitled to be paroled at the end of the fixed portion of his sentence and that the Commission illegally "extended" his sentence by five years by scheduling his next hearing for that time. This argument is also unavailing. When a sentence includes an indeterminate portion, Idaho law specifically authorizes the Commission to grant parole anytime within the indeterminate term, or it may decline to grant parole at all. I.C. §§ 19-2513, 20-223(c). The Commission does not "extend" a sentence by denying parole. *Burghart v. Carlin*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Ct. App. Aug. 26, 2011).

Roman alludes to a number of other perceived errors, omissions, and wrongs, none of which are valid or merit discussion here. We note that, contrary to Roman's implications, a parole hearing is not a criminal trial with the associated constitutional protections, burdens of proof, or burden shifting. The scope of a court's review of a parole determination by the Commission is stringently limited, and Roman has shown no cognizable basis for relief. Therefore, the summary judgment dismissing the petition for a writ of habeas corpus is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**

4