**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 41291**

| | | |
|---|---|---|
| JASON DEMAR, | ) | 2013 Unpublished Opinion No. 760 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 20, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WARDEN RANDY BLADES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Daniel C. Hurlbutt, District Judge.

Judgment dismissing petition for writ of habeas corpus, <u>affirmed</u>.

Jason Demar, Boise, pro se appellant.

Warden Randy Blades, respondent, did not appear.

MELANSON, Judge

Jason Demar appeals from the district court's judgment dismissing his petition for writ of habeas corpus.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On June 25, 2013, Demar filed a petition for writ of habeas corpus contending his tentative parole date was revoked without him being accorded due process.  Demar also argued his conditions of confinement constituted cruel and unusual punishment.  The district court requested proof of exhaustion of administrative remedies.  Demar provided such proof only as to the claim regarding revocation of his parole date.  The district court dismissed the petition on the basis that Demar failed to exhaust his administrative remedies with respect to the conditions of confinement claim and on the basis that his due process argument failed to state a claim of a constitutional violation for which relief could be granted.  Demar appeals.

## II.

## STANDARD OF REVIEW

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. §§ 19-4203(2)(a)-(e). Habeas corpus should not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada Cnty.*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on a petition for writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447. When a court considers matters outside the pleadings on an I.R.C.P. 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990).

2

**A.     Due Process**

Demar argues that he was deprived of due process in the procedure that led to revocation of his tentative parole date.[1] However, the United States Supreme Court has held that there is no constitutionally protected right of a convicted person to be released on parole before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If a state establishes a parole system that provides only a possibility of parole, and not a right thereto, that possibility does not create a liberty interest that is protected by the Due Process Clause of the United States Constitution. *Id.* at 11. The language of a state parole statute may create a legitimate claim of entitlement, triggering due process protections, but no such claim of entitlement is created by language conferring a mere possibility of conditional liberty. *See id.* at 7, 11-13. It is well settled that the language of I.C. § 20-223, which authorizes the Commission of Pardons and Parole to grant parole in its discretion, does not generate a legitimate expectation of parole, but merely the possibility thereof. *See, e.g., Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983); *Vittone v. State,* 114 Idaho 618, 619, 759 P.2d 909, 910 (Ct. App. 1988). Therefore, because there is no liberty interest at stake, there is no constitutional right to procedural due process in Idaho's parole hearings. *Burghart v. Carlin,* 151 Idaho 730, 732, 264 P.3d 71, 73 (Ct. App. 2011).

Demar argues that the use of the word "shall" in I.C. § 20-223(c) is mandatory language creating a liberty interest in parole and, therefore, he could not have his tentative parole date revoked without due process. However, in the face of the well-established law referenced above, Demar's argument is frivolous. Idaho Code Section 20-223(c) states that "parole shall be

---

[1]     Demar's petition raised the issue of alleged deprivation of due process during prison disciplinary proceedings which, he argued, led to revocation of his parole date, as well as deprivation of due process relative to his tentative parole date revocation. The district court focused on Demar's claim that he received a false disciplinary report which prevented him from being paroled, concluding that this claim did not raise a due process issue. On appeal, Demar asserts that the district court failed to address his claim that he was denied due process in the parole date revocation proceedings. Given our conclusion below, that the due process issue raised by Demar fails to state a claim of constitutional violation upon which relief can be granted, remand is unnecessary. *See In re Estate of Bagley*, 117 Idaho 1091, 1093, 793 P.2d 1263, 1265 (Ct. App. 1990) (an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court).

ordered when, in the discretion of the commission, it is in the best interests of society, and the commission believes the prisoner is able and willing to fulfill the obligations of a law-abiding citizen." Although the subsection directs that parole be granted when it is in the best interests of society and the prisoner is willing to fulfill the obligations of a law-abiding citizen, that determination is a discretionary decision of the Commission that does not vest in the prisoner a legitimate expectation of parole, but rather a mere possibility of parole. *Vittone*, 114 Idaho at 620, 759 P.2d at 911. There is no liberty interest created upon the grant of a tentative parole date. *Brandt v. State*, 126 Idaho 101, 104-05, 878 P.2d 800, 803-04 (Ct. App. 1994). Demar's argument regarding revocation of his tentative parole date fails to state a claim of constitutional violation upon which relief can be granted.

## B.       Conditions of Confinement

Demar argues that he was not required to exhaust administrative remedies because the district court "is obligated to follow the mandates of the United States District Court when it comes to conditions of confinement that violate the United States Constitution, which is what the case of *Balla v. Idaho . . .* is all about." The case which Demar references involved a class action brought by inmates. *Balla v. Idaho State Bd. of Corr.*, 595 F. Supp. 1558, 1561 (D. Idaho 1984). *See also Balla v. Idaho State Bd. of Corr.,* 677 F.3d 910 (9th Cir. 2012); *Balla v. Idaho State Bd. of Corr.,* 656 F. Supp. 1108 (D. Idaho 1987). The inmates prevailed on certain issues and injunctive relief was ordered. *Balla,* 595 F. Supp. at 1583. To the extent Demar is alleging that the prison is not complying with injunctive relief still in effect from *Balla,* that case does not excuse him from the requirement of exhausting his administrative remedies on a separate petition for writ of habeas corpus.[2]

Demar also argues he is exempt from exhausting his administrative remedies because of the threat of imminent danger of physical bodily harm. Idaho Code Section 19-4206 provides:

> (1)       Unless a petitioner who is a prisoner establishes to the satisfaction of the court that he is in imminent danger of serious physical injury, no petition for writ of habeas corpus or any other civil action shall be brought . . . with respect to conditions of confinement until all available administrative remedies have been exhausted. If the institution, or state, local or private correctional

---

[2]       However, to the extent Demar's argument can be construed as demonstrating he is in imminent danger because of violations of the mandates from *Balla*, it will be taken into consideration.

facility does not have a system for administrative remedy, this requirement shall be waived.

(2)      At the time of filing, the petitioner shall submit, together with the petition for writ of habeas corpus a true, correct and complete copy of any documentation which demonstrates that he has exhausted administrative remedies described in subsection (1) of this section.

(3)      If at the time of filing the petition for writ of habeas corpus the petitioner fails to comply with this section, the court shall dismiss the petition with or without prejudice.

In support of Demar's argument, he asserts that every inmate at the prison is in imminent danger due to overcrowding, lack of recreational time, lack of food, and lack of personal space. Demar contends this has created a hostile atmosphere where fights and assaults are common and a way of life and that inmates are not protected from other inmates or staff. The district court was not persuaded these allegations established Demar was in imminent danger of serious physical injury. Likewise, we hold the nonspecific and conclusory nature of these assertions were insufficient to establish the imminent danger requirement to excuse Demar from exhausting administrative remedies. Therefore, the district court did not err in dismissing Demar's claim relating to his conditions of confinement.

## IV.

## CONCLUSION

Demar's argument that he was not afforded due process before having his tentative parole date revoked does not state a claim of constitutional violation upon which relief can be granted. Demar failed to exhaust administrative remedies on his conditions of confinement claim and failed to demonstrate he was in imminent danger of serious physical injury. Accordingly, the district court's judgment dismissing Demar's petition for writ of habeas corpus is affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**