120 P.3d 1146

Richard DRENNON, Petitioner–
Appellant,

v.

Greg FISHER, Warden, I.M.S.I.,
Respondent.

No. 29702.

Court of Appeals of Idaho.

Aug. 16, 2005.

Richard Drennon, pro se appellant, Boise.

Hon. Lawrence G. Wasden, Attorney General; Mark Alan Kubinski, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge.

Richard Drennon appeals from the dismissal of his *pro se* petition for writ of *habeas corpus*. For the reasons set forth below, we reverse.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

Drennon is an inmate incarcerated under the custody of the Idaho Department of Correction (IDOC) at the Idaho Maximum Security Institution (IMSI). On October 9, 2002, Drennon filed a verified petition for writ of *habeas corpus*. The petition alleged that certain conditions of Drennon's confinement violated his constitutional rights. Among other things, Drennon asserted that the IMSI staff retaliated against him because of his perceived status as "a highly visible litigator." According to Drennon, this retaliation took many forms, including the issuance of false Disciplinary Offense Reports (DOR) against him and unwarranted interference with his mail and legal materials.[1] Drennon's petition further alleged that he submitted grievance forms regarding various incidents of this "retaliation," but that his concerns were purposefully ignored or undermined. Drennon did not, however, attach to his verified petition any direct documentation of his attempts to exhaust administrative remedies.

The district court ordered a response from Greg Fisher, the warden at IMSI, pursuant to I.C. § 19–4209(2)(b). The respondent did not file an answer, but instead filed a "Motion to Dismiss for Failure to Exhaust Administrative Remedies" based upon the provisions of I.C. § 19–4206. In support of his motion, the respondent submitted the affidavit of an Idaho Department of Correction record keeper, which included as exhibits, two separate and substantively different grievance procedure regulations. In the motion, the respondent argued that I.C. § 19–4206 required the district court to dismiss a petition for a writ of *habeas corpus* "that is not submitted with supporting documentation that the petitioner has attempted to resolve issues raised in the petition through the prison grievance process." The respondent further argued that the statute required Drennon to submit documentation proving that he had completed each step of the grievance process. Drennon thereafter attempted to file a motion to amend his petition and a separate proposed amended petition with attached documentation of his attempts to pursue grievances.[2] After holding telephonic status conferences, the district court apparently accepted the respondent's position that resolution of the motion to dismiss would render Drennon's motion to amend moot. The district court granted the state's motion to dismiss, noting that Drennon had not submitted any documentation establishing that he had in fact participated in the prison grievance procedure. The district court ordered the matter dismissed without prejudice.

Drennon appeals. Although he raises a number of issues, we need only address Drennon's challenge to the district court's ruling on respondent's motion to dismiss without first considering his motion to amend.

## II.

### ANALYSIS

*Habeas corpus* proceedings are civil in nature and, generally, the Idaho Rules of Civil Procedure apply. I.C. § 19–4208; I.R.C.P. 1(a); *Quinlan v. Idaho Commission For Pardons and Parole,* 138 Idaho 726, 729, 69 P.3d 146, 149 (2003); *Jacobsen v. State,* 99

---

1. Drennon's allegations find some support in recent case law. *See Gomez v. Vernon,* 255 F.3d 1118 (9th Cir.2001).

2. The proposed amended petition is not in the record on appeal, but we can discern that it had attached documentation from references to the amended petition in documents filed in the trial court by respondent.

Idaho 45, 50, 577 P.2d 24, 29 (1978). A petition for a writ of *habeas corpus* is a pleading analogous to a complaint. I.R.C.P. 3(a)(1), 7(a); *Acheson v. Klauser,* 139 Idaho 156, 159, 75 P.3d 210, 213 (Ct.App.2003). The writ of *habeas corpus* is not a statutory remedy but rather a remedy recognized and protected by Article I, Section 5 of the Idaho Constitution. *Mahaffey v. State,* 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Dopp v. Idaho Commission of Pardons and Parole,* 139 Idaho 657, 660, 84 P.3d 593, 596 (Ct.App. 2004). The legislature, absent certain contingencies, is without power to abridge this remedy secured by the Idaho Constitution, but may add to the efficacy of the writ. *Mahaffey,* 87 Idaho at 231, 392 P.2d at 280. "Statutes are usually enacted for this purpose and should be construed so as to promote the effectiveness of the proceeding." *Id.* "As an extraordinary remedy, the writ of *habeas corpus* is not subject to the rules of technical pleading nor its swift relief hindered by captious objections or fine spun theories of procedure, and a petition therefore will not be scrutinized with technical nicety." *Johnson v. State,* 85 Idaho 123, 127, 376 P.2d 704, 706 (1962).

■ In response to the respondent's motion to dismiss for failure to exhaust admistrative remedies, Drennon filed a motion to amend his petition and a proposed amended petition with attached documentation of his attempts to pursue grievances. Drennon contends that the district court erred by ruling on the respondent's motion to dismiss without first considering his motion to amend and the grievance documentation attached to his proposed amended complaint. We agree.

Idaho's *habeas corpus* statutes are found in Chapter 42 of Title 19 of the Idaho Code. The statute at issue, I.C. § 19–4206, provides as follows:

(1) Unless a petitioner who is a prisoner establishes to the satisfaction of the court that he is in imminent danger of serious physical injury, no petition for writ of habeas corpus or any other civil action shall be brought by any person confined in a state or county institution, or in a state, local or private correctional facility, with respect to conditions of confinement until all available administrative remedies have been exhausted. If the institution or state, local or private correction facility does not have a system for administrative remedy, this requirement shall be waived.

(2) At the time of filing, the petitioner shall submit, together with the petition for writ of habeas corpus a true, correct and complete copy of any documentation which demonstrates that he has exhausted administrative remedies described in subsection (1) of this section.

(3) If at the time of filing the petition for writ of habeas corpus the petitioner fails to comply with this section, the court shall dismiss the petition with or without prejudice.

In his petition, Drennon averred that he had attempted to participate in the IDOC grievance process, but had been prevented by IDOC employees and officials. Specifically, Drennon alleged that IDOC officials ignored his submissions of concern forms and grievance forms, and that his attempts to complete the IDOC grievance process were therefore "useless", and that he had, "as far as possible," exhausted the administrative remedies available to him before filing his *habeas corpus* petition. Drennon therefore contends that IDOC officials, though they provide a grievance process, prohibit inmates—particularly Drennon—from participating in that process. The implication of this assertion is troubling, because an inmate whose adherence to the grievance procedure is ignored may find his access to the courts constructively eliminated. In this light, we are also mindful of the fact that where an inmate is a party, a correctional institution is in the unique position of controlling what grievance documentation is preserved, or released to or even retained by an inmate. Moreover, a *habeas corpus* petitioner cannot obtain documentation of grievances through discovery unless the trial court grants leave to do so. *See* I.C. § 19–4210.

However, even if Drennon's allegations are true, he failed to attach to his petition documentation of his attempts to exhaust admin-

istrative remedies that he admitted, in his verified petition, were in his possession. Specifically, the petition averred that "it is common practice of the IDOC–IMSI Officials, with authorization from their attorneys, to seize, read, destroy and lose relevant documentation that is damaging to them, and petitioner does not want to lose any further legal material." Drennon's petition further stated that to avoid seizure of his documentation, "petitioner will attach them to his affidavit or other affidavits within the course of these proceedings."

■ Here, the district court's order granting the respondent's motion to dismiss stated:

The Respondent has directed the Court's attention to Idaho Code § 19–4206 which requires that a petitioner, who is a prisoner, must submit documentation with the petition demonstrating that he has exhausted all available administrative remedies prior to filing a petition for writ of habeas corpus. The respondent has submitted copies (sic) documents which outline the prison grievance policy and procedure. The Petitioner has not submitted any documentation that he has participated in this process.

To the extent that the district court held that I.C. § 19–4206(2) requires a petitioner to submit, as part of his petition for *habeas corpus* relief, any documentation *in his possession or within his reach* showing participation in an applicable grievance process, we agree. This being said, Drennon attempted to cure the deficiency in his petition by filing a motion to amend his petition and a proposed amended petition with attached documentation of his attempts to pursue grievances. The district court apparently accepted the respondent's argument that resolution of the state's motion to dismiss would render Drennon's motion to amend moot, although the court's written order does not reflect this disposition of the motion to amend.

In this appeal, the respondent argues that I.C. § 19–4208 precludes amendment of a *habeas corpus* petition to cure the deficiency at issue here. That section states:

A habeas corpus proceeding is a civil action and is governed by the provisions of this chapter and the Idaho court rules to the extent that such rules are not inconsistent with this act.

Respondent contends that allowing amendment to a petition to cure any perceived defect is inconsistent with the dismissal provisions of I.C. § 19–4206. We disagree. In the first instance, I.C. § 19–4206 does not expressly disallow amendments to *habeas corpus* petitions. Second, we are mindful of the directive that *habeas corpus* statutes "should be construed so as to promote the effectiveness of the proceeding." *Mahaffey,* 87 Idaho at 231, 392 P.2d at 280. Third, while the Idaho legislature has the power to enact substantive law, its authority to impose rules of procedure is limited. *See In re SRBA Case No. 39576,* 128 Idaho 246, 255–60, 912 P.2d 614, 623–28 (1995).

■ The Idaho Rules of Civil Procedure applicable to civil actions favor resolution of cases on the merits. Idaho Rule of Civil Procedure 1(a) states, in relevant part:

These rules govern the procedure and apply uniformly in the district courts and the magistrate's divisions of the district courts in the state of Idaho in all actions, proceedings and appeals of a civil nature whether cognizable as cases at law or in equity.... These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding.

A "determination" of an action within the meaning of this Rule "is meant to be a determination of the controversy on the merits-not a termination on a procedural technicality which serves litigants not at all." *Bunn v. Bunn,* 99 Idaho 710, 712, 587 P.2d 1245, 1247 (1978).

■ With regard to Drennon's motion to amend, I.R.C.P. 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." The Idaho Supreme Court has stated that the purpose of the rule is, in part, "to allow the best chance for each claim to be determined on its merits rather than on some procedural technicality." *Clark v. Olsen,* 110 Idaho 323, 326, 715 P.2d 993, 996 (1986) (citation omitted). In *Clark,*

946

our Supreme Court quoted, with approval, the following language of the United States Supreme Court:

> Rule 15(a) declares that leave to amend 'shall be freely given where justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2nd ed.1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, 'be freely given.' *Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.*

*Id.* (emphasis added) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962)).

We conclude that the district court erred by failing to identify any valid reason for not ruling on Drennon's motion to amend his petition to include supporting documentation of his attempts to exhaust grievance procedures prior to ruling on the respondent's motion to dismiss. Additionally, we note that Drennon was entitled to amend his petition even without leave of the district court. Under the provisions of I.R.C.P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." A motion to dismiss does not constitute a responsive pleading within the meaning of this rule. *See* I.R.C.P. 7(a) and 15(a); *O'Neil v. Schuckardt,* 116 Idaho 507, 509, 777 P.2d 729, 731 (1989); *Sinclair Marketing, Inc. v. Siepert,* 107 Idaho 1000, 1005–06, 695 P.2d 385, 390–91 (1985); *Bowden v. United States,* 176 F.3d 552, 555, (D.C.Cir.1999). The district court's order dismissed the petition without prejudice. In this circumstance, Drennon could refile his petition the next day with exactly the same content as that found in his proposed amended petition already before the district court on his motion to amend. Permitting a petition for *habeas corpus* to be amended to cure technical infirmities of the type involved in this case avoids this unnecessary waste of time and resources.

## III.

### CONCLUSION

The district court's order granting the respondent's motion to dismiss is reversed. This case is remanded for proceedings consistent with this opinion.

Chief Judge PERRY and Judge LANSING concur.