**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38137**

| | | |
|---|---|---|
| RANDOLF L. BURGHART, | ) | |
| | ) | **2011 Opinion No. 53** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: August 26, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| TEREMA CARLIN, Warden, PARDONS | ) | |
| AND PAROLE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. John H. Bradbury, District Judge.

Judgment dismissing petition for writ of habeas corpus, <u>affirmed in part</u> and <u>reversed in part</u>.

Randolf L. Burghart, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Krista L. Howard, Deputy Attorney General, Boise, for respondents.

_____

LANSING, Judge

Randolf L. Burghart appeals from the district court's order dismissing Burghart's petition for a writ of habeas corpus, brought against the Commission of Pardons and Parole (the Commission) and Terema Carlin (hereinafter collectively referred to as the Respondents). We affirm in part and reverse in part.

**I.**

**BACKGROUND**

According to Burghart's pro se habeas corpus petition, he began serving a twenty-year unified sentence, with five years determinate, in 1998 for a crime that is not revealed in the record. His petition, though hardly clear on this point, appears to allege that he was denied parole twice since he began serving his sentence. This denial was despite the fact, as alleged in his petition, that he had no disciplinary problems other than minor ones in 1999 for "bartering

1

and tobacco," and had voluntarily completed a sex-offender rehabilitation program. In the petition, Burghart asserts that he has a liberty interest in parole. He also asserts that his parole denial was wrongful because the Commission did not have "some evidence" to support its decision, which Burghart asserts is the appropriate standard, and the Commission's decisions are inherently arbitrary. The Respondents moved to dismiss Burghart's petition for failure to state a claim pursuant to Idaho Rule of Civil Procedure 12(b)(6). As to Respondent Carlin, the motion to dismiss was also based on Burghart's failure to exhaust administrative remedies before filing the habeas petition. The district court held a hearing on the motion to dismiss and granted Burghart an additional ten days to supplement his petition with paperwork regarding exhaustion of remedies. Burghart apparently thereafter did file documentation with the court, but it is not included in the record on appeal.

The district court granted the Respondents' motion to dismiss. It held that Burghart had no liberty interest in parole, had not alleged sufficient facts to support his claim that the Parole Commission's decision was wrongful, and had failed to produce documentation establishing that he had exhausted his administrative remedies against Carlin.

Burghart now appeals. He continues to argue that he has a liberty interest in parole and was denied due process in the parole hearing, that his parole denial was not supported by any evidence, and that he exhausted his administrative remedies.

## II.

## ANALYSIS

Habeas corpus proceedings are civil in nature, and generally the Idaho Rules of Civil Procedure apply. Idaho Code § 19-4208; *Quinlan v. Idaho Comm'n for Pardons & Parole*, 138 Idaho 726, 729, 69 P.3d 146, 149 (2003); *Hoots v. Craven*, 146 Idaho 271, 275, 192 P.3d 1095, 1099 (Ct. App. 2008); *Drennon v. Fisher*, 141 Idaho 942, 943, 120 P.3d 1146, 1147 (Ct. App. 2005). On a motion to dismiss pursuant to I.R.C.P. 12(b)(6), the court looks only at the pleadings, and all inferences are viewed in favor of the non-moving party. *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). "[T]he question then is whether the non-movant has alleged sufficient facts in support of his claim which, if true, would entitle him to relief." *Rincover v. State, Dep't of Finance, Securities Bureau*, 128 Idaho 653, 656, 917 P.2d 1293, 1296 (1996); *accord Serv. Employees Int'l Union, Local 6 v. Idaho Dep't of Health & Welfare*, 106 Idaho 756, 758, 683 P.2d 404, 406 (1984). "[E]very reasonable intendment will be

2

made to sustain a complaint against a motion to dismiss for failure to state a claim." *Idaho Comm'n on Human Rights v. Campbell*, 95 Idaho 215, 217, 506 P.2d 112, 114 (1973). The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Young*, 137 Idaho at 104, 44 P.3d at 1159.

## A.        Exhaustion of Administrative Remedies as to Carlin

A prisoner petitioning for a writ of habeas corpus with respect to conditions of confinement, who is not in imminent danger of serious physical injury, must establish to the court that all available administrative remedies have been exhausted, unless the correctional facility does not have a system for administrative remedy. I.C. § 19-4206; *Drennon v. Idaho State Corr. Inst.*, 145 Idaho 598, 602, 181 P.3d 524, 528 (Ct. App. 2007). When petitioning for a writ of habeas corpus, a petitioner must submit documentation demonstrating such exhaustion. I.C. § 19-4206(2).

Burghart argues that the district court erred in dismissing his petition as to Carlin for failure to exhaust administrative remedies because he did exhaust administrative remedies or such remedies were not available to him. However, his arguments on appeal, as below, all concern the exhaustion of administrative remedies, or the unavailability of any administrative remedies, in regard to the *Commission's* conduct in denying him parole. He has not asserted nor documented that he exhausted administrative remedies for any alleged misconduct on the part of Carlin. Thus, the district court correctly held that Burghart failed to show that he exhausted his administrative remedies as to Carlin. The dismissal of his petition as to Carlin is therefore affirmed.[1]

## B.        Claims Against Commission

### 1.        Procedural due process

Burghart argues, in substance, that he was deprived of due process in the proceedings that led to the denial of parole. However, the United States Supreme Court has held that there is no constitutionally protected right of a convicted person to be released on parole before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If a state establishes a parole system that provides only a possibility of parole, and

---

[1]        Additionally, though this deficiency was not addressed by the district court, we agree with the Respondents' argument that Burghart's petition makes no allegations whatsoever of wrongful conduct by Carlin and therefore fails to state a claim against Carlin.

not a right thereto, that possibility does not create a liberty interest that is protected by the Due Process Clause of the United States Constitution. *Id.* at 11. The language of a state parole statute may create a legitimate claim of entitlement, triggering due process protections, but no such claim of entitlement is created by language conferring a mere possibility of conditional liberty. *See id.* at 7, 11-13. It is well settled that the language of I.C. § 20-223, which authorizes the Commission to grant parole in its discretion, does not generate a legitimate expectation of parole, but merely the possibility thereof. *See, e.g.*, *Izatt v. State*, 104 Idaho 597, 600, 661 P.2d 763, 766 (1983); *Hays v. Craven*, 131 Idaho 761, 764, 963 P.2d 1198, 1201 (Ct. App. 1998); *Vittone v. State*, 114 Idaho 618, 619, 759 P.2d 909, 910 (Ct. App. 1988). Therefore, because there is no liberty interest at stake, there is no constitutional right to procedural due process in Idaho's parole hearings. *Izatt*, 104 Idaho at 600, 661 P.2d at 766.

Burghart argues that the use of the word "shall" in Idaho Code Section 20-223(c) is mandatory language creating a liberty interest in parole and, therefore, he could not be denied parole without due process. However, in the face of the well-established law referenced above, Burghart's argument is frivolous. Idaho Code Section 20-223(c) states that "parole shall be ordered when, *in the discretion of the commission*, it is in the best interests of society, and the commission believes the prisoner is able and willing to fulfill the obligations of a law-abiding citizen." (Emphasis added.) Although the subsection directs that parole be granted when it is in the best interests of society and the prisoner is willing to fulfill the obligations of a law-abiding citizen, that determination is a *discretionary* decision of the Commission that does not vest in the prisoner a legitimate expectation of parole, but rather a mere possibility of parole. *Vittone*, 114 Idaho at 620, 759 P.2d at 911. Burghart's argument therefore fails.

### 2.    "Extension" of sentence

Burghart also argues that the denial of parole in the absence of new evidence that was not considered by the sentencing court constitutes "extending" his sentence. This argument is also unavailing. When a sentence includes an indeterminate portion, Idaho law specifically authorizes the Commission to grant parole anytime within the indeterminate term, or it may decline to grant parole at all. I.C. §§ 19-2513, 20-223(c). The Commission does not "extend" a sentence by denying parole.

4

### 3.     Rational basis for denial of parole

Although parole hearings are not subject to due process standards, and the decision whether to grant parole is discretionary with the Commission, the Idaho Supreme Court has held that a decision denying parole is nonetheless subject to limited judicial review. *Ybarra v. Dermitt*, 104 Idaho 150, 151, 657 P.2d 14, 15 (1983); *Banks v. State*, 128 Idaho 886, 888-89, 920 P.2d 905, 907-08 (1996). "Review of Commission decisions consists of whether the information relied upon by the Commission was sufficient to provide a factual basis for the reasons given, or in other words, whether there was a rational basis in the record for the Commission's conclusions . . . ." *Banks*, 128 Idaho at 888, 920 P.2d at 907. *See also Ybarra*, 104 Idaho at 151, 657 P.2d at 15. Burghart argues that in reviewing a denial of parole, instead of applying the "rational basis" standard articulated in *Ybarra* and *Banks*, courts should apply the standard established by the United States Supreme Court in *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985), for review of disciplinary board decisions that deprive inmates of good-time credits. The Supreme Court there held that to ensure that such decisions are not arbitrary and capricious, they must be supported by "some evidence in the record." *Id.* at 454.

We are not persuaded that the "some evidence" test is applicable to parole decisions. The United States Supreme Court has explained the reasons for a parole commission's broad discretion as follows:

> The parole-release decision . . . depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release. Unlike the revocation decision, there is no set of facts which, if shown, mandate a decision favorable to the individual. The parole determination, like a prisoner-transfer decision, may be made
>
> > "for a variety of reasons and often involve[s] no more than informed predictions as to what would best serve [correctional purposes] or the safety and welfare of the inmate." *Meachum v. Fano*, 427 U.S. [215, 225], 96 S. Ct. [2532, 2538 (1976)].
>
> The decision turns on a "discretionary assessment of a multiplicity of imponderables, entailing primarily what a man is and what he may become rather than simply what he has done." Kadish, The Advocate and the Expert--Counsel in the Peno-Correctional Process, 45 Minn. L. Rev. 803, 813 (1961).

*Greenholtz*, 442 U.S. at 9-10. Consistent with this broad discretion, the *Ybarra* and *Banks* standard limits judicial review to determining whether there is a rational basis in the record for

5

the Commission's decision. The "some evidence" standard applies to prison disciplinary cases where there is a protected liberty interest at stake such as the loss of good time credits, and the disciplinary decision turns upon fact-finding. *Hill*, 472 U.S. at 447. It is not appropriate for review of parole decisions where there is no constitutionally protected liberty interest at stake and where, as *Greenholtz* states, "there is no set of facts which, if shown, mandate a decision favorable to the individual." *Id.* at 10.

While we reject the test that Burghart would have us apply, we nevertheless conclude that, under the correct standard, Burghart's claim was improperly dismissed on the Respondents' I.R.C.P. 12(b)(6) motion. The district court was incorrect in holding that Burghart did not allege facts supporting his allegation. Burghart alleged that he had no disciplinary problems in prison other than for bartering and tobacco in 1999, and that he had no record of institutional violence. He also alleged that he had voluntarily committed himself to at least one rehabilitative program. He specifically alleged that the Commission had no evidence to justify its decision, which connotes a lack of any rational basis for the denial of parole. Thus, Burghart's petition alleged, in substance, that he had a ten-year history of good behavior in prison and had completed a rehabilitative program, which made him a good candidate for parole, and that there was no evidence to justify the denial of parole. A civil complainant need only plead a simple, concise, and direct statement fairly apprising the opposing party of the claims and grounds upon which his claims rest. *Hauschulz v. State, Dep't of Corr.*, 143 Idaho 462, 466, 147 P.3d 94, 98 (Ct. App. 2006); *Myers v. A.O. Smith Harvestore Products, Inc.*, 114 Idaho 432, 439, 757 P.2d 695, 702 (Ct. App. 1988). Burghart alleged sufficient facts to state a claim that the Commission wrongfully denied his request for parole, under the "rational basis" standard, so as to survive a motion for failure to state a claim.[2] We therefore reverse the district court's dismissal of this claim. Whether there was a sufficient basis for the Commission's decision is a subject to be addressed on remand through a proceeding in which the Commission may present evidence of any factors supporting the denial of parole, either on a motion for summary judgment or at a trial on the merits.

---

[2]    As the Respondents' motion was one for judgment on the pleadings pursuant to I.R.C.P. 12(b)(6) rather than a motion for summary judgment, it was not accompanied by any evidence concerning the basis for, or evidence supporting, the Commission's decision.

## III.

## CONCLUSION

The district court's dismissal of Burghart's habeas corpus petition in its entirety with respect to Respondent Carlin is affirmed. We also affirm the district court's dismissal of Burghart's claim of a violation of due process in his parole hearing and his claim that his sentence was unlawfully extended. However, we reverse the district court's dismissal of Burghart's claim that the Commission wrongfully denied parole because the Commission's decision is without a rational basis. Costs on appeal, if any were incurred, to appellant.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**