# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40181

| | | |
|---|---|---|
| RANDOLF L. BURGHART, | ) | 2013 Unpublished Opinion No. 723 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 25, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TEREMA D. CARLIN, Warden and IDAHO | ) | THIS IS AN UNPUBLISHED |
| COMMISSION OF PARDONS AND | ) | OPINION AND SHALL NOT |
| PAROLE, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Michael J. Griffin, District Judge.

Summary judgment dismissing habeas corpus action, <u>affirmed</u>.

Randolf L. Burghart, Burlington, Colorado, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mary K. Magnelli, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Randolf L. Burghart appeals from the district court's summary judgment dismissing Burghart's final claim for relief in his petition for a writ of habeas corpus. We affirm.

## I.

## BACKGROUND

This is the second appeal to this Court involving Burghart's petition for a writ of habeas corpus. In 1998, Burghart began serving a twenty-year unified sentence, with five years determinate, for lewd conduct with a minor child under sixteen, Idaho Code § 18-1508. The Commission denied parole in 2003 and again in 2009. Following the latter denial of parole, Burghart filed a petition for a writ of habeas corpus alleging, among other things, that while incarcerated he had no disciplinary problems other than minor ones in 1999 for bartering and tobacco, and that he had voluntarily completed a sex offender rehabilitation program. In the

1

petition, Burghart also asserted that he has a liberty interest in parole created by the terms of I.C. § 20-223; that his parole denial was wrongful because the Commission did not have "some evidence" to support its decision, which Burghart asserted was the appropriate standard; and that the Commission's decisions are inherently arbitrary.

The Respondents moved to dismiss Burghart's petition pursuant to Idaho Rule of Civil Procedure 12(b)(6) for failure to state a claim. As to Respondent Terema Carlin, the motion to dismiss was also based on Burghart's failure to exhaust administrative remedies before filing the habeas petition. The district court granted the Respondents' motion to dismiss. It held that Burghart had no liberty interest in parole, had not alleged sufficient facts to support his claim that the Commission's decision was wrongful, and had failed to produce documentation establishing that he had exhausted his administrative remedies against Carlin. Burghart appealed.

In *Burghart v. Carlin*, 151 Idaho 730, 264 P.3d 71 (Ct. App. 2011), this Court affirmed the district court's dismissal of any claims brought against Warden Carlin. We also rejected Burghart's assertion that I.C. § 20-223 created a liberty interest in parole and thereupon affirmed the district court's dismissal of Burghart's claims against the Commission alleging deprivation of due process. We further denied relief on Burghart's argument that denial of parole in the absence of new evidence that was not considered by the sentencing court constitutes an illegal "extension" of a sentence. *Burghart*, 151 Idaho at 732-33, 264 P.3d at 73-74.

However, this Court reversed the district court's Rule 12(b)(6) dismissal of Burghart's claim that the Commission's denial of parole was arbitrary. We concluded that the correct standard was whether there was a "rational basis" for the Commission's decision and that because Burghart in his petition alleged sufficient facts to state a claim that this standard was not met, the district court's Rule 12(b)(6) dismissal was erroneous. *Id.* at 733-34, 264 P.3d at 74-75. This Court remanded the case to the district court for further proceedings.

On remand, both Burghart and the Commission moved for summary judgment. In support of its motion the Commission submitted, for the first time, the minutes of the parole hearing revealing the Commission's reasoning behind its decision and, in part, the information relied upon for that decision. The district court denied Burghart's motion and granted the Commission's motion, concluding that the minutes showed a rational basis in the record for the Commission's decision to deny parole. Burghart appeals from the resulting judgment.

2

## II.

### STANDARD OF REVIEW

Habeas corpus proceedings are civil in nature, and generally the Idaho Rules of Civil Procedure apply. I.C. § 19-4208; *Quinlan v. Idaho Comm'n for Pardons & Parole*, 138 Idaho 726, 729, 69 P.3d 146, 149 (2003); *Hoots v. Craven*, 146 Idaho 271, 275, 192 P.3d 1095, 1099 (Ct. App. 2008); *Drennon v. Fisher*, 141 Idaho 942, 943, 120 P.3d 1146, 1147 (Ct. App. 2005). Therefore, on appeal from a summary judgment in such an action, we adhere to the standard of review applicable to summary judgments generally. *Lopez v. State*, 128 Idaho 826, 827, 919 P.2d 355, 356 (Ct. App. 1996). Summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992).

## III.

### ANALYSIS

Burghart first asserts error in a statement in the district court's memorandum decision which said that Burghart did not submit any affidavits in support of his motion for summary judgment. Burghart contends that this statement was erroneous because his motion, brief in support, and brief in response to the Commission's summary judgment motion were sworn as true and his signature was notarized. Therefore, he avers, these documents should have been viewed by the court as the functional equivalent of affidavits.

Although we generally agree with Burghart's proposition that pro se pleadings that set forth evidentiary facts and are verified should be treated as the equivalent of affidavits, *Loveland v. State*, 141 Idaho 933, 936, 120 P.3d 751, 754 (Ct. App. 2005); *Mata v. State*, 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct. App. 1993), it is of no consequence in the context of this case challenging the Parole Commission's decision to deny parole. That is so because on judicial review of a decision denying parole, the only inquiry is whether the information relied upon by the Commission was sufficient to provide a factual basis for the decision or, in other words, whether there was a rational basis in the record for the Commission's conclusions. *Banks v. State*, 128 Idaho 886, 888, 920 P.2d 905, 907 (1996). *See also Ybarra v. Dermitt*, 104 Idaho 150, 151, 657 P.2d 14, 15 (1983); *Burghart*, 151 Idaho at 733, 264 P.3d at 74. Thus, the question

before the district court on the parties' countermotions for summary judgment was whether the Parole Commission could demonstrate some rational basis in the record for denying parole to Burghart. Here, the Parole Commission placed in evidence, in support of its motion and in opposition to Burghart's motion, copies of the minutes of his 2003 and 2009 parole hearings. The district court concluded that these documents demonstrated that the commissioners considered a number of factors that provided a rational basis for the denial of parole including that the offense of which Burghart was convicted was a serious crime against a minor; that Burghart had several other victims of sex offenses; that Burghart had a history of illegal drug use; that Burghart had abused his victim and another victim about forty-five times; that Burghart was a violent pedophile; and that Burghart's actions had serious effects on his victims. Although Burghart's verified brief presented arguments against the validity or significance of these factors, they contain no material evidentiary facts which would preclude summary judgment in favor of the Commission on the grounds stated by the district court. A single factor providing a rational basis for the Commission's decision would have been sufficient to require summary judgment in the Commission's favor. Because the district court's review was limited to the information that was before the Commission, Burghart's attempted submission of new evidence to the district court on judicial review is unavailing. Burghart made no showing that any of his statements in or attachments to his documents were submitted to the Commission at a parole hearing.

Next, Burghart asserts that the Commission failed to establish the lack of a genuine issue of material fact as to whether there was a rational basis in the record for the Commission's conclusions because the material the Commission proffered in support of its summary judgment motion was improperly submitted. Burghart first asserts that the exhibits attached to the affidavit of the Commission's attorney, Krista Howard, should not have been considered by the district court because the affidavit was not notarized. This claim of error has no merit because the district court, in its order granting summary judgment, specifically stated that the Commission "submitted a document entitled affidavit from Krista Howard, but it was not notarized and will not be considered by the court." Since the district court expressly declined to consider the Howard affidavit, Burghart has demonstrated no error.

Burghart also complains that the minutes of the 2009 parole hearing should not have been considered because they were signed by Audrey Whitehurst, not by Olivia Craven, the Executive Director of the Commission. This claim of error also is without basis. The minutes were

4

attached to Craven's affidavit. Craven's affidavit states that "[t]he signature of Audrey Whitehurst on the 2009 minutes . . . indicates that I have approved these minutes and that the minutes reflect an accurate summary of the hearing proceedings." As the Executive Director of the Commission, Craven is authorized to designate someone to sign minutes on her behalf. *See* IDAPA 50.01.01.100.04(a). Craven's own affidavit attested to their accuracy. Therefore, the district court did not err by considering them.

Lastly, Burghart asserts that because he was denied parole he was removed from a sex offender treatment program. While Burghart's argument is not entirely clear, it appears that he contends that his removal from the sex offender treatment program violates substantive due process because I.C. § 20-223 requires that he complete sex offender treatment before he is eligible for parole. This argument fails for three reasons. First, this claim of deprivation of due process was never pleaded in Burghart's petition for a writ of habeas corpus. It appears to be a claim of violation of due process that is raised for the first time in this appeal. Appellate courts of this state will not consider issues that are raised for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Second, I.C. § 20-223 contains no provision conditioning eligibility for parole on completion of a sex offender treatment program. Third, nothing in evidence indicates that a failure to complete such treatment was a reason for which parole was denied to Burghart.

## IV.

## CONCLUSION

Burghart has not shown that the district court erred by granting summary judgment to the Commission. Therefore, the judgment of the district court is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**