NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER TAYLOR,

Petitioner-Appellant,

v.

JOSH TEWALT, Director, Idaho
Department of Correction,

Respondent-Appellee.

No. 20-35254

D.C. No. 1:15-cv-00552-CWD

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted June 10, 2021
Seattle, Washington

Before: W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.
Dissent by Judge COLLINS

Christopher Taylor appeals from the district court's judgment denying Claim

B(2) of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He

contends that the district court abused its discretion by denying Claim B(2) without

first holding an evidentiary hearing. We vacate the district court's judgment and

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

remand for further proceedings.

In Claim B(2), Taylor contends that his attorney rendered ineffective assistance of counsel during plea negotiations. He alleges that his attorney never advised him that he could receive a sentence of life in prison without the possibility of parole if he accepted the State's proposed plea bargain. Taylor supported his claim in the state post-conviction court by submitting sworn affidavits. The affidavits stated that his attorney advised him that the worst outcome he faced was an indeterminate life term, and that he would not have pleaded guilty had he known that a sentence of life without parole was a possibility. Taylor also requested an evidentiary hearing to further develop the factual basis for his claim.

The state post-conviction court nonetheless denied Taylor's ineffective-assistance-of-counsel claim without holding an evidentiary hearing. The court held that, even assuming Taylor's counsel performed deficiently by failing to advise him of the maximum penalty he faced, Taylor could not show prejudice because the trial judge had informed him of the maximum penalty he faced during the plea colloquy. In so holding, the court relied on a statement by the trial judge informing Taylor that the maximum penalty he faced was "a minimum of five years in the state penitentiary, which could be extended to life." Taylor asserts that he understood the reference to "life" to mean life *with* the possibility of parole, in

accordance with the advice he had received from his attorney. The state post-conviction court concluded that Taylor's assertion was "directly contradict[ed]" by the transcript of the plea colloquy and denied relief on that basis.

When a state court denies relief without holding an evidentiary hearing, a federal habeas court must grant a petitioner's request for an evidentiary hearing when three conditions are met. First, the petitioner must assert "a colorable claim," meaning the petitioner must "allege specific facts which, if true, would entitle him to relief." *Earp v. Ornoski*, 431 F.3d 1158, 1167 & n.4 (9th Cir. 2005) (quotation marks and citation omitted). Second, the petitioner must not have "failed to develop the factual basis of his claim in state court." *Hurles v. Ryan*, 752 F.3d 768, 791 (9th Cir. 2014); *see* 28 U.S.C. § 2254(e)(2). And third, the petitioner must show that the state court's decision was based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2), a showing that is met if the petitioner can establish one of the circumstances described in *Townsend v. Sain*, 372 U.S. 293, 313 (1963). *Earp*, 431 F.3d at 1167. All three conditions are met here.

First, Taylor has asserted a colorable claim. He has alleged specific facts concerning his attorney's deficient advice that, if true, would entitle him to relief. An attorney must provide accurate advice concerning the maximum sentence a criminal defendant may face if he pleads guilty, *see Iaea v. Sunn*, 800 F.2d 861,

865 (9th Cir. 1986), and here, according to Taylor's affidavits, his attorney failed to do so. If Taylor's affidavits are credited, he has also established prejudice resulting from his attorney's deficient performance, because he asserts that had his lawyer informed him that he faced a potential sentence of life without parole, he would not have pleaded guilty. *See Nunes v. Mueller*, 350 F.3d 1045, 1054 (9th Cir. 2003).

Second, Taylor did not fail to develop the factual basis for his claim in state court. He submitted sworn affidavits to the state post-conviction court providing the factual underpinning for his claim, and he requested an evidentiary hearing to further develop the facts supporting his claim. "A petitioner who has previously sought and been denied an evidentiary hearing has not failed to develop the factual basis of his claim." *Hurles*, 752 F.3d at 791.

Third, and finally, Taylor has established one of the circumstances described in *Townsend*—namely, "the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing." 372 U.S. at 313; *see Hurles*, 752 F.3d at 791; *Earp*, 431 F.3d at 1169. When a state court's decision turns on the resolution of a disputed issue of fact—particularly the sort of credibility determination at issue here—an evidentiary hearing will usually be required in order for the state court's fact-finding procedure to be "adequate to afford a full and fair hearing." *Earp*, 431 F.3d at 1167, 1169; *Perez v. Rosario*, 459 F.3d 943,

950 (9th Cir. 2006). The principal exception to this general rule is when the record before the state court "conclusively establishes" the fact at issue. *Perez*, 459 F.3d at 951. That exception does not apply here because the trial judge's advisement during the plea colloquy that Taylor faced "a minimum of five years in the state penitentiary, which could be extended to life," was ambiguous as to whether Taylor faced a maximum possible sentence of life *with* parole or life *without* parole. When the record is ambiguous, it cannot be said to "establish a fact conclusively." *Id.* at 950.

Because the state post-conviction court's decision was "based on an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2), Taylor is entitled to an evidentiary hearing on his ineffective-assistance-of-counsel claim. *See Hurles*, 752 F.3d at 790–92; *Earp*, 431 F.3d at 1167. However, the State also contends that Claim B(2) is procedurally defaulted based on an adequate and independent state ground, a contention that the district court did not reach. We therefore remand to the district court to decide in the first instance whether Claim B(2) is procedurally defaulted and, if it is not, to hold an evidentiary hearing as to that claim.

**VACATED and REMANDED.**

*Taylor v. Tewalt*, No. 20-35254

COLLINS, Circuit Judge, dissenting:

In affirming the denial of post-conviction relief to Petitioner Christopher Taylor, the Idaho Court of Appeals concluded that Taylor's claim that he did not realize he could be sentenced to a fixed term of life imprisonment was "directly contradicted" by "the record" of his plea colloquy in state court. If this determination of a direct contradiction was correct, then the record before the state court would "'establish the fact conclusively'" and consequently the "state court's failure to hold an evidentiary hearing" would not render "its factual findings unreasonable." *Atwood v. Ryan*, 870 F.3d 1033, 1050 (9th Cir. 2017) (quoting *Perez v. Rosario*, 459 F.3d 943, 950 (9th Cir. 2006)). In reviewing "a state court's decision not to conduct an evidentiary hearing" on such a ground, our review is "deferential"; indeed, it is "much more deferential" than the review we would apply to a federal district court's failure to hold an evidentiary hearing in a habeas matter. *Id.* Applying that deferential review, I conclude that the Idaho court properly concluded that Taylor's claim is directly contradicted by the record of his plea colloquy.

**I**

Taylor pleaded guilty in state court to aggravated battery against a peace officer in violation of Idaho Code §§ 18-903, 18-907, and 18-915, with an

enhancement for use of a deadly weapon, *id*. § 19-2520, and an additional

enhancement for being a "persistent violator," *id*. § 19-2514.  He also entered an

"*Alford*" plea to a similar charge of aggravated assault on a police officer in

violation of Idaho Code §§ 18-901, 18-905, and 18-915, and that charge was also

subject to the persistent-violator enhancement.  *Cf. North Carolina v. Alford*, 400

U.S. 25 (1970).

   At Taylor's plea colloquy, the trial court informed him that the aggravated

battery charge carried a "maximum penalty" of "up to 30 years in the state

penitentiary" and that, due to the deadly-weapon enhancement, that "maximum

penalty of 30 years could be increased by an additional 15 years."  The court

advised Taylor that, as to the aggravated assault charge, the "maximum penalty"

was "up to ten years in the state penitentiary."  The court then addressed the

persistent-violator enhancement, which was applicable to each of the two counts.

Generally tracking the language of the persistent-violator statute, the court

explained the applicable penalty as follows:

> THE COURT:  And do you understand that if you are
> adjudged to be a persistent violator, the maximum penalty that
> you would face would be a minimum of five years in the state
> penitentiary, which could be extended to life?
>
> THE DEFENDANT:  Yes, sir.

*See* IDAHO CODE § 19-2514 ("Any person convicted for the third time of the

commission of a felony, . . .  on such third conviction shall be sentenced to a term

2

in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life"). At his subsequent sentencing, Taylor was sentenced to concurrent fixed terms of life imprisonment on each count.

In an affidavit he submitted in support of his state post-conviction petition, Taylor admitted that he knew that he could be sentenced to a "life term" as a result of the persistent-violator enhancement, but he insisted that, based on erroneous advice from his counsel, he believed that this maximum life term would be, at most, an "*indeterminate* life term" and not "*fixed* life sentences" (emphasis added). The distinction Taylor drew is based on Idaho's unique sentencing law, which grants judges the discretion to set a fixed "minimum period of confinement" and a "subsequent indeterminate period" of additional confinement, provided that "the aggregate sentence shall not exceed the maximum provided by law." IDAHO CODE § 19-2513(1). "When a sentence includes an indeterminate portion, Idaho law specifically authorizes the [Parole] Commission to grant parole anytime within the indeterminate term, or it may decline to grant parole at all." *Burghart v. Carlin*, 264 P.3d 71, 74 (Idaho 2011).

The Idaho Court of Appeals, which rendered the last reasoned decision on Taylor's ineffective assistance of counsel claim, concluded that "Taylor's assertions directly contradict the record." After quoting the above-recited excerpt

3

from the plea colloquy, the court held that:

> [E]ven assuming Taylor's claim that trial counsel did not advise him of the maximum sentence was truthful, he has not shown that, but for counsel's error, he would not have pled guilty because the record shows that the district court informed Taylor of the maximum penalties he faced before he changed his plea in conformance with [Idaho Criminal Rule] 11(c).

## II

"A state court's decision not to hold an evidentiary hearing does not render its fact-finding process unreasonable so long as the state court could have *reasonably* concluded that the evidence already adduced was sufficient to resolve the factual question." *Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012) (emphasis added); *see also id.* at 1148 ("The ultimate question . . . is whether an appellate court would be *unreasonable* in holding that an evidentiary hearing was not necessary in light of the state court record.") Applying this appropriately "deferential" review, *see Atwood*, 870 F.3d at 1050—which the majority completely ignores—I conclude that the Idaho court permissibly determined that the record of the plea colloquy directly contradicts Taylor's claim that he did not know that he could be sentenced to a fixed term of life imprisonment.

Nothing in the language of the plea colloquy ever even mentions or refers to a sentencing judge's discretion, *within* the statutory maximum, to designate a portion of the sentence as eligible for parole. The subject of parole was not

4

discussed at all. Accordingly, the most reasonable reading of the transcript is that the judge simply recited the relevant statutory maximum terms of imprisonment, which were 30 years and 10 years, respectively, for the unenhanced charges; 45 years for the deadly-weapon-enhanced aggravated-battery charge; and life for the persistent-violator-enhanced charges. Because the judge never said anything about parole eligibility for any of the charges, there is no basis for concluding that his reference to *one* of the statutory maxima ("life") must be understood as referring only to a *parole-eligible* term, but that the *other* statutory maxima (10 years, 30 years, and 45 years) were referring to *fixed* maximum terms.

In attempting to read such a distinction into the transcript, Taylor emphasizes that the trial judge stated that the maximum sentence under the persistent-violator statute could "be *extended* to life" (emphasis added), and Taylor argues that this wording supports the view that the judge was referring to an *indeterminate* life sentence that could extend beyond what Taylor contends is the fixed five-year term of imprisonment under that statute. But the judge's phrasing—which tracks the statutory language—simply says that the term of imprisonment for the persistent-violator-enhanced offense had to be at least five years but could extend to life. *See* IDAHO CODE § 19-2514 (persistent violator "shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life"). In

5

other words, the minimum sentence was five years and the maximum sentence was life.

Moreover, Taylor's position—that the court's reference to a "minimum of five years" meant that the *fixed* sentence on the persistent-violator-enhanced charge could not exceed five years and that the rest had to be indeterminate—is frankly preposterous. Under Taylor's reading of the transcript, the trial judge was saying that the fixed sentence can be 10 years for aggravated assault; it can be 45 years for deadly-weapon-enhanced aggravated assault; but if the defendant is found to be a persistent violator, then Idaho cracks down with a fixed maximum sentence of—five years. The Idaho court did not act unreasonably in concluding that the transcript clearly set forth the respective maximum sentences of 10 years, 30 years, 45 years, and life.

Because the state court "reasonably concluded" that the transcript of the plea colloquy was "sufficient to resolve the factual question" of whether Taylor was told that he faced a maximum fixed sentence of life in prison, its "fact-finding procedures" were "reasonable." *Hibbler*, 693 F.3d at 1147. Accordingly, Taylor has failed to show "that the state court was not merely wrong, but actually unreasonable," as necessary under AEDPA. *Atwood*, 870 F.3d at 1050 (simplified); *see also* 28 U.S.C. § 2254(d)(2). And because Taylor does not contest that his ineffective assistance claim fails if indeed he was told by the court

6

that he faced a fixed term of life imprisonment, the judgment dismissing his habeas

petition should be affirmed.  Because the majority concludes otherwise, I

respectfully dissent.